FILED
United States Court of Appeals
Tenth Circuit

January 30, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANGELA NICOLE MONACO, a/k/a
Rubbo Angela Beckcom, a/k/a Angela
Rubbo, a/k/a Angela Beckcom,

    Defendant - Appellant.

No. 18-1339
(D.C. No. 1:17-CR-00417-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **MORITZ**, Circuit Judges.
_____

    Angela Nicole Monaco pleaded guilty to one count of conspiring to commit

mail and wire fraud and one count of money laundering. She was sentenced to serve

74 months in prison, which was within the advisory guideline range of 70 to 87

months. Although her plea agreement contained a waiver of her appellate rights, she

filed a notice of appeal. Her docketing statement indicates she wants to challenge her

sentence on appeal. The government has moved to enforce the appeal waiver in

_____

    [*] This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Monaco's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived [her] appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. In her response to the motion to enforce, Ms. Monaco disputes that her appellate waiver was knowing and voluntary. She suggests her trial counsel may have provided ineffective assistance by advising her to reject an earlier, more-favorable plea offer.

Ms. Monaco's plea agreement contains a waiver of her right to appeal any matter in connection with her prosecution, conviction or sentence. It also contains a waiver of her right to challenge her prosecution, conviction, or sentence in any collateral attack, including a motion brought under 28 U.S.C. § 2255. But the plea agreement expressly reserves the right for Ms. Monaco to raise a claim in a collateral proceeding for ineffective assistance of counsel or prosecutorial misconduct. Ms. Monaco acknowledges that "'a defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review'— 'even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel.'" Resp. at 1-2 (quoting *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005)).

Given these circumstances, Ms. Monaco:

does not object to a finding that she cannot show *on the present record* that her plea or her appeal waiver was not knowing or voluntary (or that her appeal is outside the scope of the waiver, or necessary to avoid a miscarriage of justice under [*Hahn*]), and she does not object to a dismissal of her direct appeal on the government's motion without prejudice to her filing a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel or prosecutorial misconduct.

Resp. at 2.

We agree with the government that, on the present record, Ms. Monaco's waiver was knowing and voluntary, her appeal is within the scope of the appeal waiver, and enforcing the waiver will not result in a miscarriage of justice. Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal is without prejudice to Ms. Monaco's right to bring a claim in a collateral proceeding for ineffective assistance of counsel or prosecutorial misconduct as permitted in her plea agreement.

Entered for the Court
Per Curiam